UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


Eugene J. Rabiega,                    :      **CIVIL NO.  1:07-CV-1614**
                                      :
          Petitioner                  :      (Judge Conner)
     v.                               :
                                      :      (Magistrate Judge Smyser)
Joseph J. Nish, et al.,               :
                                      :
          Respondents                 :


## REPORT AND RECOMMENDATION


In October 1990, a jury in the Court of Common Pleas of Lackawanna County found the petitioner, Eugene J. Rabiega, guilty of third degree murder, aggravated assault, and reckless endangerment in the shooting death of Brian Graziaro. *Commonwealth of Pennsylvania v. Rabiega*, 913 A.2d 945 (Table) (Pa. Super. Ct. 2006), No. 626 MDA 2006 at 1 (Pa. Super. Ct. 2006).  Post-trial motions were denied on November 3, 1993, and on December 15, 1993, the petitioner was sentenced to ten to twenty years imprisonment.  *Id.*


The petitioner's direct appeal was dismissed by the Superior Court of Pennsylvania on May 3, 1995, as a result of

counsel's failure to file a brief.  *Id.*  No petition for the allowance of an appeal was filed.  *Id.*

On March 15, 1996, new counsel for the petitioner filed, in the Lackawanna County Court of Common Pleas, an application for extraordinary relief, wherein the petitioner sought leave of court to file a direct appeal *nunc pro tunc* without first going through a post-conviction collateral relief proceeding.  *Id.* at 2.  On January 16, 1997, the petitioner filed a *pro se* petition for habeas corpus relief and counsel was appointed.  *Id.*  The court treated the habeas corpus petition as a request for Post Conviction Relief Act (PCRA) relief.  *Id.*  After a hearing the petition was dismissed on April 17, 1997.  *Id.*  The petitioner filed an appeal and, on December 31, 1997, the Superior Court affirmed the decision of the PCRA court.  *Id.*

On October 30, 1998 and August 30, 1999, the petitioner filed further PCRA petitions.  *Id.*  The petitioner alleged ineffective assistance of trial counsel.  *Id.*  Counsel was appointed on February 24, 2000.  *Id.*  An amended PCRA petition was filed on August 23, 2000.  *Id.*  On May 23, 2001, the PCRA

2

court concluded that the petitioner's October 30, 1998 PCRA petition had been timely filed.  *Id.* at 3.

On April 30, 2002, a hearing on the merits of the PCRA petition that had been filed on October 30, 1998 was conducted, and on May 3, 2002, the PCRA court directed *inter alia* that the petitioner's direct appeal rights be reinstated *nunc pro tunc*. *Id.*

The petitioner filed a timely direct appeal presenting thirty-one (31) issues for the Superior Court's consideration. *Id.*  The Superior Court denied the petitioner's request for remand of his claim that he was wrongly denied a hearing on the issue of trial counsel's ineffectiveness, and the Superior Court dismissed all ineffective assistance claims without prejudice to the petitioner's right to raise them along with any other claims of ineffective assistance of counsel in a timely PCRA petition.  *Id.*

On December 4, 2003, the petitioner filed a PCRA petition. *Id.* at 4.  In his petition, the petitioner argued that his trial and appellant counsel were ineffective on

3

several bases.  *Id.*  Counsel was appointed, and the petitioner
filed an amended petition on February 10, 2005, wherein the
petitioner alleged only trial counsel's ineffectiveness.  *Id.*
A hearing was conducted on March 23, 2005.  *Id.*  The petitioner
attempted to develop, *inter alia*, the issue of trial counsel's
ineffectiveness in not eliciting the testimony of Dr. Eric
Blomain, the petitioner's physician who was treating the
petitioner for carpel tunnel syndrome at the time of the
shooting.  *Id.*  The PCRA court found the petitioner's argument
unconvincing, and PCRA relief was denied on March 10, 2006.
*Id.*

The petitioner appealed the PCRA court's decision.
*Id.* at 6.  On appeal, the petitioner claimed: (1) that the
PCRA court erred by not finding trial counsel ineffective for
failing to call the petitioner's treating physician to discuss
the status of his carpal tunnel syndrome at the time of the
shooting; and (2) that PCRA counsel was ineffective for
finding, in his professional opinion, that the issues the
petitioner wished to raise in his PCRA petition were devoid of
merit and would only detract from the one possibly valid
issue, the issue involving the doctor's testimony.  *Id.* at 7.

4

In its Opinion dated October 23, 2006, the Superior Court upheld the PCRA court's decision.  *Id.* at 11.  The petitioner appealed to the Pennsylvania Supreme Court, and his petition for allowance of appeal was denied by the Pennsylvania Supreme Court on April 13, 2007.  *Commonwealth v. Rabiega*, 921 A.2d 496 (Table), 591 Pa. 734 (Pa. 2007).

On September 4, 2007, the petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.  The petitioner presents several claims for relief in his petition.  In ground one the petitioner claims ineffective assistance of trial, appellate and PCRA counsel.  In ground two the petitioner claims prosecutorial misconduct, perjury and vindictive prosecution. The petitioner claims trial court error in ground three and actual innocence beyond a doubt in ground four.

Pursuant to an Order dated September 25, 2007, the respondents were ordered to file a response to the petition on or before October 15, 2007, in the manner required by Rule 5, 28 U.S.C. foll. § 2254.  The petitioner was afforded an

opportunity to file a reply to the response within ten (10) days of its filing.

After requesting and receiving an extension of time, the respondents filed a motion to dismiss the petition for a writ of habeas corpus on November 19, 2007.  On December 20, 2007, the petitioner filed a brief in opposition to the respondent's motion to dismiss after requesting and receiving a time extension.

On December 20, 2007, the petitioner filed a motion for the appointment of counsel.  The petitioner claims that he lacks the skills necessary to prosecute this action.  The petitioner supports those claims by asserting that he does not have the ability to present his claims because he is indigent and has a fourth grade education with no legal training.  The petitioner further supports his request for counsel on the ground that his case is legally complex because of the amount of documents that have been produced over the last eighteen years.  Lastly, the petitioner contends that his action is meritorious and that if proven his allegations will establish

violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution.

On December 20, 2007, the petitioner filed an addendum to his petition for a writ of habeas corpus.  The petitioner's addendum contains several exhibits including: an autopsy report, medical records, police reports, and other documents in support of his petition for a writ of habeas corpus.

The respondents claim that the petition for a writ of habeas corpus should be dismissed for a number of reasons. First, the respondents claim that the petitioner's contention that his state collateral post-conviction counsel was ineffective and incompetent is not grounds for federal habeas corpus relief.

Pursuant to 28 U.S.C. § 2254(i), a claim based on ineffectiveness of counsel during federal or state collateral post-conviction proceedings shall not be grounds for federal habeas corpus relief.  Therefore, pursuant to 28 U.S.C. § 2254(i), the petitioner's claim of ineffective assistance of PCRA counsel is not a basis for federal habeas corpus relief.

The respondents also claim that the petition for a writ of habeas corpus should be dismissed because the petitioner's pleadings are repetitious, not succinct, unspecific and unclear so as to allow respondents the opportunity to frame an answer in such a manner that the issues can be squarely identified.

Next, the respondents claim that the petitioner has not exhausted his state remedies on any of his claims with the exception of possibly one ineffective assistance of counsel claim, and therefore the petitioner is barred from receiving a writ of habeas corpus on the unexhausted claims.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state remedies for federal habeas corpus purposes, the petitioner must show that he has fairly presented his claim to the state courts.  *Picard v. Connor*, 404 U.S. 270,

8

278 (1971).  The legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

The petitioner filed a timely PCRA petition in the State court for a claim of ineffective assistance of trial counsel, based upon trial counsel's purported failure to call Dr. Blomain as a witness.  By only raising the ineffective assistance of trial counsel in his PCRA petition, the petitioner effectively waived his right to raise other issues, including the ineffective assistance of appellate counsel, before the Pennsylvania Superior Court and Pennsylvania Supreme Court.

If a claim has not been fairly presented to the state courts, but state law clearly forecloses review, exhaustion is excused.  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 202); *see also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied

because there is 'an absence of available state corrective process.'").

A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an independent and adequate state procedural rule. *Carpenter, supra,* 296 F.3d at 146. All issues other than the ineffective assistance of trial counsel are procedurally defaulted, and therefore can not be considered by this court unless the petitioner establishes cause to excuse the default and actual prejudice as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. Furthermore, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel cannot serve as cause for a procedural default. *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

Because it appears that any second Post Conviction Relief Act petition filed by the petitioner would be untimely, it is not clear that there are any state remedies left for the

petitioner to exhaust.  We conclude that petitioner has procedurally defaulted claims numbered 2,3, and all issues other than ineffective assistance of trial counsel for failure to call Dr. Blomain.  Furthermore, the petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to excuse the default.

The petitioner claims actual innocence beyond doubt in ground four of his habeas corpus petition.  *Doc. 1, Addendum B at 2.*  "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins,* 506 U.S. 390, 404 (1993).  In order to demonstrate that he is actually innocent, a petitioner must present new evidence of his innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.*  A petitioner asserting actual innocence must show that it is more likely

than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004). "[C]laims of actual innocence are rarely successful because the necessary evidence is unavailable in the vast majority of cases." *Id.*

In considering a claim of actual innocence, the court "must consider ''all the evidence,'' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House v. Bell,* 126 S.Ct. 2064, 2077 (2006)(quoting *Schulp, supra,* 513 U.S. at 327-328, quoting in turn Friendly, *Is Innocence Irrelevent? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970)). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.* The petitioner's burden "is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt - or, to remove the double negative, that more likely than not any reasonable juror

would have reasonable doubt." *Id.*  An actual innocence claim

involves evidence that the trial jury did not have before it,

and, therefore, "the inquiry requires the federal court to

assess how reasonable jurors would react to the overall, newly

supplemented record." *Id.* at 278.  This inquiry may require the

court to make assessments regarding the credibility of

witnesses. *Id.*

Although the petitioner asserts that he is actually

innocent, he has not specifically set forth any new evidence of

his innocence.  Rather the petitioner's argument regarding

actual innocence in his petition is as follows: "Evidence

consisting of witnesses, report[s], and other items were

provided or made known to the defense attorney(s) which prove

and verify petitioner's actual innocence.  Yet this evidence

was procedurally covered up and excluded from the court

proceedings.  Petitioner has the right to be heard on all his

issues.  Available evidence that proves actual innocence should

have been, and should be considered in any judicial decision

regarding this Petitioner." *Doc. 1, Addendum B* at 2.  The

petitioner has failed to identify the condition (new evidence)

which would have resulted in making it more likely than not

that no reasonable juror would have convicted him.
Accordingly, the petitioner has not established that he is
actually innocent.  Therefore, we can not consider the merits
of the claims that the petitioner has procedurally defaulted.

We turn to the merits of the one claim that the
petitioner had properly presented to the state courts - the
petitioner's constitutional claim that his trial counsel was
ineffective by failing to call Dr. Blomain at trial.

A claim of ineffective assistance of counsel requires
a two part analysis.  First, the petitioner must establish that
counsel's performance fell below an objective standard of
reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 688
(1984).  There is a strong presumption that counsel's conduct
falls within the range of reasonable professional assistance.
*Nix v. Whiteside*, 475 U.S. 157, 165 (1986).  Counsel's
performance should be viewed from counsel's perspective at the
time without the distorting effects of hindsight.  *Duncan v.
Morton*, 256 F.3d 189, 200 (3d Cir. 2001).  Second, the
petitioner must establish that counsel's deficient performance
prejudiced the defense.  *Strickland, supra,* 466 U.S. at 687.

14

To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Id.* at 694.

At trial, Dr. Blomain was not called as a witness by the defense. *Rabiega*, *supra*, 913 A.2d 945, No. 626 MDA 2006 at 7-9. The petitioner claims that Dr. Blomain was available, was willing to testify, and would have testified that the petitioner could not have pulled the trigger in the shooting death of the victim because of a carpel tunnel surgery that was performed on the petitioner twelve (12) days prior to the shooting. However, the petitioner failed to establish these facts at his PCRA hearing.

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings, unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

15

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Under the "contrary to" clause of § 2254(d), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413. "A court that unreasonably extends a rule in a new context or, in the alternative, unreasonably fails to extend a rule may also be deemed to unreasonably apply the correct rule." *Fischetti v. Johnson,* 384 F.3d 140, 148 (3d Cir. 2004). "A federal habeas court may not grant relief under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect

application of federal law alone does not warrant relief."
*Keller v. Larkins*, 251 F.3d 408, 418 (3d Cir. 2001).

On October 23, 2006, the Pennsylvania Superior Court
held that the trial court did not err in finding that trial
counsel was not ineffective for failing to call Dr. Blomain,
because petitioner failed to establish that the witness was
known or should have been known to trial counsel and was
available and willing to testify.  *Id.* at 7-11.  Furthermore,
without Dr. Blomain testifying at the PCRA hearing, the court
was left with only medical records and the petitioner's claim
that he could not have pulled the trigger of the gun due to
carpal tunnel surgery.  *Id.* at 9-10.  According to the Superior
Court, nothing in the medical reports indicated that the
petitioner could not have pulled the trigger due to carpal
tunnel surgery.  *Id.* at 9.  According to the Superior Court,
the medical records indicated that the petitioner was
progressing well enough post-surgery that it was not
recommended that he go through physical rehabilitation.  *Id.* at
10 (citing the PCRA court).

The state court concluded that petitioner's counsel was not ineffective in failing to call Dr. Blomain.  We conclude that the state courts' adjudication did not result in a decision that was contrary to, or that involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254 (d).

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied.  It is further recommended that the petitioner's motion (doc. 18) for the appointment of counsel and the petitioner's motion to compel discovery (doc. 29) be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  March 14, 2008.