## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE J. RABIEGA,** | : CIVIL ACTION NO. 1:07-CV-1614 |
| | : |
| Petitioner | : **(Judge Conner)** |
| v. | : |
| | : |
| **JOSEPH J. NISH, ATTORNEY** | : |
| **GENERAL OF THE STATE OF** | : |
| **PENNSYLVANIA, and DISTRICT** | : |
| **ATTORNEY OF LACKAWANNA** | : |
| **COUNTY,** | : |
| | : |
| Respondents | : |

### ORDER

AND NOW, this 10th day of June 2008, upon consideration of the report of the magistrate judge (Doc. 31), to which objections were filed (see Doc. 34), recommending that the petition for writ of habeas corpus (Doc. 1) be denied, and, following an independent review of the record, it appearing that petitioner seeks relief for claims of ineffective assistance of trial, appellate and collateral counsel; trial court error; and prosecutorial misconduct, perjury, and vindictive prosecution, that petitioner presented only the claim for ineffective assistance of trial counsel in his collateral proceeding under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546, (see Mem. in Supp. of Collateral Relief Pet., Commonwealth v. Rabiega, No. 90-CR-171 (Ct. Com. Pl. Lackawanna County Aug. 29, 2005)), and that all other claims are procedurally defaulted,[1] and the court concluding that the alleged failure of PCRA counsel to present petitioner's other grounds for relief on collateral review does not constitute cause for the procedural default because no constitutional right to counsel attaches during collateral review proceedings, see Coleman v. Thompson, 501 U.S. 722, 752 (1991); Cristin v.

---

[1] When a state prisoner has defaulted federal claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (stating that PCRA counsel's "alleged ineffective assistance cannot establish cause for . . . procedural default" because no constitutional right to counsel exists in collateral proceedings), and the court further concluding that petitioner failed to produce any new, reliable evidence to establish actual innocence beyond a reasonable doubt,[2] that therefore petitioner has not established that his conviction resulted in a miscarriage of justice, see Cristin, 281 F.3d at 421-22, and that petitioner failed to establish that trial counsel was ineffective for declining to call Dr. Eric Blomain because petitioner's medical records available at the time of trial do not support the proposition to which petitioner contends Dr. Blomain would have testified, see Strickland v. Washington, 466 U.S. 668, 688 (1984), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 31) is ADOPTED.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED in part and DENIED in part as follows:

    a. The petition is DISMISSED in regards to the procedurally defaulted claims of ineffective assistance of appellate and PCRA counsel; trial court error; and prosecutorial conduct, perjury, and vindictive prosecution.

    b. The petition is DENIED in regards to the ineffective assistance of trial counsel and actual innocence claims.

3. Defendants' motion to dismiss (Doc. 13) the petition for writ of habeas corpus (Doc. 1) is DENIED as moot.

4. Petitioner's request for appointed counsel (Doc. 18) and motion to compel discovery (Doc. 29) are DENIED as moot.

5. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

6. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] A petitioner must present new, reliable evidence to demonstrate he is actually innocent. See Schlup v. Delo, 513 U.S. 298, 324 (1995).